WESTHOVEN, APPELLANT, *v.* SNYDER ET AL., APPELLEES.

[Cite as Westhoven v. Snyder (1973), 40 Ohio App. 2d 91.]

(No. 7-73-2—Decided December 19, 1973.)

*Messrs. Rice, Pugh, Plassman, Rupp & Lauber*, for appellant.

*Mr. Marlowe Witt*, for appellees.

COLE, J. There is a single issue posed by the facts of this case and by the single assignment of error: Is the 15 year statute of limitation on actions upon contracts in writing tolled by the tacking together of short periods of absence from the state involved in vacation trips? The court below held that it is not. We concur with the reasoning of the trial court and affirm its decision.

The action herein involved was a suit for the payment of a note. It was alleged that over 15 years had expired since the date of the last payment thereon. Upon a motion to dismiss for failure to state a cause of action (which by virtue of movant's reliance upon a deposition became part of the motion by stipulation and turned that motion into one for summary judgment pursuant to Civil Rule 12(B), the plaintiff, appellant herein, countered by presenting deposition evidence tending to establish that both makers of the note had been periodically absent from the state for periods of 10 days to two months each year on vacation trips and tending to establish that these periods of absence were sufficient to toll the statute of limitation for a period long enough to make the filing of the petition timely. In the absence of a tolling of the statute, the petition or complaint was untimely filed and the defendants, appellees herein, are entitled to judgment.

The sole question therefore presented for consideration is whether brief periodic vacation periods toll the statute.

R. C. 2305.15, in part, reads as follows:

" * * * After the cause of action accrues if he [the defendant] departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

This section must be placed in context with R. C. 2305.-03, *et seq.* The obvious intent of the Legislature is to provide fixed periods within which certain actions may be brought after the cause of action accrues. Where service may not be had on the defendant, however, the running of time would unfairly permit the defendant to avoid liability. Thus, if service cannot be had because he leaves the jurisdiction or because he conceals himself, that act should not be permitted to enable him to avoid liability. Where, however, he is subject to residence service at all times within the period, the statute is no longer needed. The plaintiff may at all times within the statutory period obtain service sufficient to enable a court to render a personal judgment against the defendant with full authority to proceed to any of the appropriate methods of execution to enforce that judgment. To hold that brief temporary absences would extend this time would, in effect, permit the plaintiff to have it within his power to at any time obtain residence service and a personal judgment during the base period provided, and also during the extended period, a complete perversion of the statutory purpose. Instead of fairly protecting the plaintiff's right to have *effective* legal action during the *entire* period, it actually extends that right for a longer period. We do not believe the legislature intended the inequitable operation which would result from holding that temporary absences while maintaining a residence constituted such a departure as to toll the operation of the statute. A salesman traveling in three states each week might have to wait five years for a cause of action to be barred that would be barred in four years against a clerk who worked entirely in the state. One plaintiff would have four years, the other five, and yet either could by residence service have commenced the action and obtained judgment at any time during the basic four year period.

The statute, to be reasonable in operation, must be held to be applicable only to such departures as prevent the rendition of a personal judgment by virtue of residence service.

The interpretation is justified by the actual wording of the statute. It is not the departure that is critical but the

measurement of the time which is tolled. Here, the statute is concerned with "the time of his absence or concealment." Absence and concealment are paired, each being a method by which service of summons may be avoided. One who maintains a residence in the state is not concealed and equally one who is out of the state but maintains a residence therein, where service may be had upon him, is not absent from the state in the sense here applicable.

Appellant argues that several Supreme Court cases justify the opposite conclusion. In *Commonwealth Loan Co.* v. *Firestine*, 148 Ohio St. 133, the defendant had no Ohio residence. In *Couts* v. *Rose*, 152 Ohio St. 458, there was no Ohio residence. In *Meekison* v. *Groschner*, 153 Ohio St. 301, there was no Ohio residence. In *Seeley* v. *Expert, Inc.*, 26 Ohio St. 2d 61, there was no Ohio residence. In *Stanley* v. *Stanley, Admr.*, 47 Ohio St. 225, the defendant was a nonresident.

Thus, in no case decided by the Supreme Court and cited to us have the facts presented the present issue of vacation trip absences tolling the statute; neither does the syllabus in any case purport to decide this issue of temporary absence of one maintaining a residence in the state. While some *obiter dicta* might be found in the rationale of these cases, in no case has either the judgment or the syllabus decided such an issue.

The case of *George* v. *Perrin*, 25 Ohio Op. 2d 240, is a federal district court case which is not binding upon this court and contains a holding with which we disagree.

Thus, there is no Supreme Court case which has dealt with the problem here involved. We find, however, that the reasoning in *Lindsay* v. *Maxwell, Admr.*, 4 Ohio N. P. 354, is persuasive and the factual situation actually involved the question of temporary absence from an Ohio residence.

We, therefore, hold that a temporary absence from the state while maintaining an Ohio residence and no permanent residence elsewhere does not constitute such an absence from the state as to toll the running of a statute of limitation under R. C. 2305.15.

*Judgment affirmed.*

GUERNSEY, P. J., and MILLER, J., concur.