TRESKA ET AL., APPELLANTS, *v.*
TRUMBLE, SERVICE DIRECTOR, ET AL., APPELLEES.

[Cite as Treska *v.* Trumble (1983), 4 Ohio St. 3d 150.]

(No. 82-396—Decided April 20, 1983.)

*Messrs. Chattman, Moss, Chattman, Garfield & Friedlander, Mr. Thomas A. McCormack* and *Mrs. Douglas Paul,* for appellants.

*Mr. Andrew Boyko,* law director, and *Mr. Stephen P. Bond,* for appellees.

DAHLING, J. The issue presented is whether the Parma ordinance supersedes R.C. 124.32. The ordinance requires that seniority for layoffs be

calculated by considering total length of service in *any classification* with Parma. Section 173.07 of the Codified Ordinances of the city of Parma states:

"Any dismissals, layoffs, etc., of public employees on the payrolls of the City *shall be accomplished and made according to seniority which has been accumulated by the City personnel during their continuous length of service. Seniority, as herein used, means only continuous length of service for the City* to the exclusion of all other public service, except as otherwise provided herein. A resumption of service after disruption by involuntary layoffs, etc. shall constitute continuous service. Continuous length of service shall be considered as disrupted by a voluntary cessation of employment, unless reinstated as an officer or employee within one year after such cessation of employment, or by dismissal for dereliction of duty, as determined by a Civil Service Commission hearing, or, if no Civil Service status is involved, by a decision made by a Grievance Board, hereinafter created in 173.11. An employee, reinstated after cessation of employment, shall retain all seniority benefits." (Emphasis added.)

The statute requires that layoffs be according to length of service in a *particular* classification. R.C. 124.32 states, in pertinent part:

"(C) Whenever any permanent office or position in the classified service is abolished or made unnecessary, or the person holding such office or position is laid off, the procedure outlined in this section shall be followed. Any layoff within a classification, as defined in Section 124.14 of the Revised Code including parenthetical titles when included within the specification, must proceed by laying off in the following order:

"(1) Employees serving provisionally who have not completed their probationary period after appointment;

"(2) Employees serving provisionally who have satisfactorily completed their probationary period after appointment;

"(3) Employees appointed by certification who have not completed their probationary period after appointment;

"(4) Employees appointed by certification who have satisfactorily completed their probationary period after appointment.

"Within each of the primary categories intermittent, then part-time, and then seasonal employees will be laid off before full-time permanent employees.

"* * *

"(F) When a layoff is necessary, the appointing authority will decide in which classification or classifications the layoff or layoffs will occur and the number of employees to be laid off within each affected class. After applying the order of layoff above, remaining employees in the same classification will be laid off using systematic consideration of seniority and relative efficiency as determined by the director of administrative services." (Emphasis added.)

The parties agree that the two legislative enactments are in conflict. Both the ordinance and the statute legislate on the same subject matter, af-

fecting the same individuals. The enactments are not capable of a reasonable construction which will harmonize the two. Thus, one or the other must take precedence.

In *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375 [15 O.O.3d 450], this court was concerned with the pay to be received by city employees who were in the reserve components of the armed forces. Under Parma Ordinance No. 83-73 they were entitled to thirty-one days of leave of absence each calendar year for field training or active duty. Further, this ordinance provided that "[i]f a city employee's military pay or compensation during such period of leave of absence is less than his city pay would have been for such period, he shall be paid by the city the difference in money between the city pay and his military pay for such period."

However, under R.C. 5923.05 they would receive their full salaries during such leave.

The court in *Benevolent Assn., supra,* held that wages were a substantive matter. Paragraph one of the syllabus is as follows:

"An Ohio municipality which has not adopted a charter for its government, as authorized by Section 7 of Article XVIII of the Constitution of Ohio, must, in the passage of legislation, follow the procedure prescribed by statutes enacted pursuant to the mandate of Section 2 of Article XVIII of the Constitution. (Paragraph two of the syllabus in *Morris* v. *Roseman,* 162 Ohio St. 447, and paragraph one of the syllabus in *Wintersville* v. *Argo Sales Co.,* 35 Ohio St. 2d 148 [64 O.O.2d 88], approved and followed.)"

Paragraph two of the syllabus in *Morris* v. *Roseman* (1954), 162 Ohio St. 447 [55 O.O. 255], holds as follows:

"An Ohio municipality which has not adopted a charter for its government, as authorized by Section 7, Article XVIII of the Constitution of Ohio, must, in the passage of its legislation, follow the procedure prescribed by the statutes enacted pursuant to the mandate of Section 2, Article XVIII of the Constitution."

We conclude the state statute controls since the manner of laying off employees is a procedural matter.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, MAHONEY, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., concurs in judgment only.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment.