JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Jacob Samsa ("Samsa"), appeals the trial court's decision granting summary judgment on his claim for retaliatory eviction in favor of appellee, Associated Estates Realty Corporation d/b/a Watergate Apartments ("appellee"). For the following reasons, we affirm the trial court's decision.
 {¶ 2} Samsa became a tenant of appellee when he moved into the Watergate Apartments in April 1983 pursuant to a yearly lease agreement. In May 1991, Samsa's yearly lease was converted into a month-to-month lease. On September 4, 2002, appellee hand-delivered a 45-day notice to Samsa that his lease was not going to be renewed at the end of the lease term. However, on the day the lease was to expire per the notice, November 1, 2002, Samsa did not vacate the property and, as a result, appellee filed an eviction action in the municipal court.
 {¶ 3} Samsa filed his answer to the eviction action and asserted a counterclaim against appellee, alleging that appellee had a duty to repair and maintain the premises in a safe manner, but failed to do so, and that Samsa was evicted as retaliation for complaining about appellee's alleged failure to repair and maintain the premises in a safe manner. Because Samsa's prayer for relief sought damages in excess of the municipal court's monetary jurisdiction, the entire action was transferred to the trial court.
 {¶ 4} The trial court bifurcated the proceedings into the eviction action and Samsa's counterclaim. As to the eviction action, the parties entered into a consent judgment entry which granted restitution in favor of appellee, required Samsa to vacate the premises, and stated that any other claims held by the parties would not be waived. With respect to Samsa's counterclaim, appellee moved for summary judgment, arguing that Samsa's allegations for retaliatory eviction cannot be raised as a defense when the tenant is holding over his term. The trial court granted appellee's motion for summary judgment, holding that "Samsa has failed to raise an issue of material fact that [appellee's] eviction action was in retaliation for Samsa's complaints about accumulating garbage, and not for Samsa's status as a holdover tenant."
 {¶ 5} Samsa now appeals, arguing as his sole assignment of error that the trial court erred in granting summary judgment to appellee by failing to take into consideration notice requirements that exceeded statutory notice requirements. In essence, Samsa argues that he was not given proper notice when appellee placed under Samsa's door the 45-day notice to terminate the lease. However, Samsa's argument is without merit.
 {¶ 6} R.C. 5321.17(B) provides as follows:
 {¶ 7} "Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date."
 {¶ 8} R.C. 1923.04(A) provides as follows:
 {¶ 9} "Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted.
 {¶ 10} "Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: `You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.'"
 {¶ 11} Here, it is undisputed that Samsa's yearly lease was converted into a month-to-month lease in May 1991. It is also undisputed that on September 4, 2002, appellee placed under Samsa's door its notice to terminate the lease on November 1, 2002, giving Samsa 45 days notice, and the notice conspicuously stated the statutory language provided in R.C. 1923.04(A). Samsa does not argue that he did not receive notice of appellee's intent to terminate the lease; instead, he argues that appellee did not comply with the terms of the lease requiring any notice to terminate the lease be sent by mail. However, appellee complied with the statutory provisions of both R.C. 5321.17(B) and 1923.04(A) when he left the notice to terminate the lease at Samsa's "usual place of abode" within 45 days of the date of the termination. Simply because appellee chose to place the notice under Samsa's door rather than place it in the mail does not render the otherwise valid notice[1] ineffective or void. More importantly, Samsa does not dispute that he received the notice. As such, Samsa's argument that the trial court erred by granting summary judgment to appellee without taking into consideration notice requirements that exceeded the statutory requirements is not well-taken.
 {¶ 12} Moreover, this court's holding in Indian Hills SeniorCommunity, Inc. v. Sanders (Aug. 23, 2001), Cuyahoga App. No. 78780, is controlling and bars Samsa's counterclaim for retaliatory eviction. As held in Indian Hills, the "retaliatory conduct of the landlord may not be raised as a defense in a forcible entry and detainer proceeding when the tenant is holding over his term." Further, this court held "nothing in R.C. 5321.02
* * * precludes the nonrenewal of a lease upon the expiration of a term of tenancy." Here, Samsa's lease naturally expired on November 1, 2002, but when Samsa failed to vacate the premises, he became a holdover tenant. When Samsa did not leave the premises, appellee filed its eviction action, to which Samsa answered and filed his counterclaim alleging, in essence, retaliatory eviction. Just like in Indian Hills, Samsa became a holdover tenant when he failed to move out at the end of the lease after appellee exercised its rights under the lease to not renew the lease. Thus, based on this court's holding in IndianHills, the trial court did not err in granting summary judgment in favor of appellee.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, JR., J., Concurs. Karpinski, J., Dissents withSeparate Opinion.
[1] Even under the terms of the lease between Samsa and appellee, the parties are entitled to 45 days notice to terminate the lease. Appellee complied with the lease terms by providing Samsa 45 days written notice, which exceeds the 30 days notice requirement as provided in R.C. 5321.17(B).
 DISSENTING OPINION