DECISION.
{¶ 1} In this appeal, we answer the unusual question whether a civil servant carrying the full protections of a classified employee but employed in an unclassified position is entitled to retain the pay of that unclassified position after a demotion not based upon cause. We answer in the affirmative.
 Background Facts {¶ 2} Plaintiff Mark Gissiner was "temporarily promoted" to the unclassified position of acting municipal investigations manager ("OMI manager") for the city of Cincinnati in 2001. Prior to his promotion, Gissiner's title and position was that of Senior Human Resources Analyst, a permanent classified position. Gissiner, however, did not sign a waiver giving up his classified status when he changed positions.
 {¶ 3} In 2003, the police functions of the OMI were transferred to a Citizens Complaint Authority. The city manager abolished the position of OMI Manager. Gissiner was subsequently demoted to his prior classified position of Senior Human Resources Analyst in 2003, and his pay was substantially reduced. He appealed his demotion and reduction in pay to the Cincinnati Civil Service Commission pursuant to R.C. 124.34. The commission determined that it did not have jurisdiction over Gissiner's appeal because the appeal was based upon Gissiner's performance in an unclassified position. The commission's decision was affirmed by the Hamilton County Court of Common Pleas. Gissiner successfully appealed that decision to this court in Gissiner I.[1]
 {¶ 4} In Gissiner I, this court held that Gissiner had retained his classified civil-servant status in his unclassified position because Rule 1.4(2)(A) of the city's Personnel Policies and Procedures Manual required a written waiver of classified status, and because *Page 3 
the city had not secured Gissiner's waiver in accordance with this rule.[2] Thus, Gissiner had the right to appeal his demotion and attendant reduction in pay from the unclassified position, and the commission had jurisdiction over the appeal.
 {¶ 5} After holding that the commission had jurisdiction over Gissiner's appeal, we remanded the case for further proceedings consistent with our decision. The trial court, in turn, remanded the case to the commission for an administrative hearing. In the interim, Gissiner accepted a different unclassified position and limited his demand to back pay from the date that he had been reduced in pay to the date that he began this new position.
 {¶ 6} At the hearing before the commission, Gissiner presented uncontroverted testimony that he was not demoted or reduced for misconduct, that he lost $32,106.82 in pay as a result of his demotion, and that several city employees-including two city managers-had assured him that he would retain his OMI manager salary if he were transferred out of the OMI position.
 {¶ 7} The city conceded that Gissiner was not demoted or reduced for misconduct as contemplated in R.C. 124.34. But the city argued that Gissiner was not entitled to the protections of that statute because he had been promoted to an unclassified position from which the city manager had an unfettered right to remove him.
 {¶ 8} In its decision, the commission denied Gissiner's appeal on the ground that his classified status gave him only the right to return to the classified position of Senior Human Resources Analyst and not to retain the unclassified position of OMI manager, which had been "obliterated" by the Cincinnati City Manager. The commission concluded that the city had fully complied with R.C. 124 when it returned Gissiner to his former classified position, and, therefore, that it owed him no back pay. *Page 4 
 {¶ 9} The commission mentioned in its decision that it had considered as dicta a footnote in Gissiner I stating that Gissiner's position as OMI Manager had become permanent 90 days after his "transfer." Moreover, the commission disagreed with the language in the footnote and determined that Gissiner was not "transferred" within the meaning of R.C. 124.33 when his pay had been substantially increased. Thus, the commission concluded that R.C. 124.33 did not apply to make the promotion permanent 90 days after it had occurred.
 {¶ 10} The court of common pleas reversed the commission's decision, finding it inconsistent with our decision in Gissiner I, and remanded the case to the commission. The trial court held that, under the law-of-the-case doctrine, Gissiner's OMI Manager position had become permanent when he was demoted. The trial court rejected the commission's conclusion that our statement to this effect in Gissiner I was dicta. The city now challenges the trial court's decision in this appeal.
 Standard of Review {¶ 11} Gissiner appealed the commission's decision on his reduction to the court of common pleas pursuant to R.C. Chapter 2506. In an appeal of an administrative decision brought under R.C. Chapter 2506, the court of common pleas considers the whole record, "including any new or additional evidence submitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[3] This court's standard of review in an R.C. Chapter 2506 administrative appeal is more limited. We review the judgment of the common pleas court only on "questions of law. "[4] *Page 5 
 I. {¶ 12} The city and the commission essentially contend that Gissiner maintained the procedural due-process rights of a classified employee but not the substantive rights of one. Thus, he could "appeal" his demotion, but in light of the fact that he was serving in an "at will" position at the time of his demotion, the most he was entitled to by virtue of his classified status was the right to fall back to his previous classified position. Since the city returned him to his prior classified position, they conclude that the city complied with R.C. Chapter 124.
 {¶ 13} This analysis, however, ignores the important property rights of a classified civil servant that the due-process hearing is intended to safeguard.[5] Classified civil servants have tenure during "good behavior and efficient service,"[6] can be discharged or reduced only for cause as set forth in R.C. 124.34,[7] and have displacement rights if their jobs are abolished.[8] Because Gissiner did not waive these rights, he carried them with him to his unclassified position. On remand, the commission failed to recognize that Gissiner had retained these important property rights. Thus, it acted illegally and in contravention of our decision in Gissiner I.
 {¶ 14} The city argues also that the footnote in Gissiner I about the permanency of Gissiner's unclassified position was only dicta and that the trial court erred in considering it to be the law of the case.
 {¶ 15} Dicta includes statements made by a court in an opinion that are not necessary for the resolution of the issues.[9] Dicta is not authoritative, and, by definition, cannot be the binding law of the case.[10] *Page 6 
 {¶ 16} We recognize that the footnote addressing the permanency of the OMI position was not necessary to the resolution of the appeal inGissiner I. At issue in Gissiner I was whether the commission lacked jurisdiction over Gissiner's appeal. Any statements touching on the substantive merits of Gissiner's appeal of his demotion were not necessary to our holding, including the permanency of the OMI position and whether Gissiner had been transferred instead of promoted.
 {¶ 17} Because the resolution of Gissiner I turned on the issue of jurisdiction, the trial court erred in treating this dicta as the law of the case. Nonetheless, we affirm the trial court's decision reversing the commission's decision. But for the reasons that follow, instead of having the case remanded to the commission for further proceedings, we enter judgment in favor of Gissiner.
 II. {¶ 18} In Gissiner I, we held that Gissiner could not be deprived of his property-his position and pay as OMI manager-without due process of law.[11] The case was remanded for an administrative hearing so that the commission could determine whether Gissiner's demotion was contrary to his property right to maintain his pay during "good behavior and efficient service."
 {¶ 19} At his administrative hearing, Gissiner testified that he was reduced in pay by $32,106.86, that he had served as OMI Manager for over 15 months in good behavior, and that he had received the assurances of several city officials, including two city managers, that he would not be reduced in pay. His testimony was not refuted.
 {¶ 20} To determine whether the reduction contravened Gissiner's property rights, the sections in R.C. Chapter 124 that determine the permanency of a classified *Page 7 
position are inapplicable because Gissiner was not in a classified position. Similarly, Gissiner's bumping rights were illusory because he was in an unclassified position. One could only conclude from the evidence presented to the commission that Gissiner was reduced in pay and that this reduction contravened his rights as an employee with classified status.
 {¶ 21} Moreover, the city is estopped from opposing an award of back pay because it created this anomaly by failing to secure Gissiner's written waiver of his classified status, as required by its own rule, and by promising that Gissiner would not be reduced in pay. We will not penalize Gissiner under these circumstances. Accordingly, we affirm the trial court's judgment and enter final judgment in favor of Gissiner for $32,106.86, which represents the uncontested amount of pay that he lost during the relevant time period.[12]
Judgment accordingly.
HILDEBRANDT, P.J., and HENDON, J., concur.
[1] Gissiner v. Cincinnati, 1st Dist. No. C-040070,2004-Ohio-6999.
[2] Id.
[3] Henley v. Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142,147, 2000-Ohio-493, 735 N.E.2d 433; see, also, R.C. 2506.03; R.C.2506.04.
[4] R.C. 2506.04; Henley, supra, at 147.
[5] Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 105 S.Ct. 1487.
[6] R.C. 124.34.
[7] Id.
[8] See R.C. 124.321 through 124.327; Treska v. Trumble (1983),4 Ohio St.3d 150, 447 N.E.2d 1283.
[9] See Katz v. Enzer (1985), 29 Ohio App.3d 118, 122, 504 N.E.2d 427;Levy Overall Mfg. Co. v. Crown Overall Mfg. Co. (1916), 24 Ohio C.A. 556, 558.
[10] Episcopal Sch. of Cincinnati v. Levin, 117 Ohio St.3d 412,2008-Ohio-939, 884 N.E.2d 561, ¶ 27.
[11] Gissiner I, supra, at ¶ 6.
[12] Gissiner contends in his brief that this appeal is frivolous and requests attorney fees and costs under R.C. 2323.51. But Gissiner has not properly moved for a fee award, and we decline to address the issue. App.R. 15(A). *Page 1