[Cite as *State v. Lewis*, 2011-Ohio-911.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO, :

     Plaintiff-Appellee, :     Case No: 10CA24

v. :

:     <u>DECISION AND</u>
DONALD R. LEWIS, JR., :     <u>JUDGMENT ENTRY</u>

     Defendant-Appellant. :

    File-stamped date: 2-25-11

<u>APPEARANCES:</u>

David Reid Dillon, South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Brigham M. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

Kline, J.:

{¶1}    Donald R. Lewis, Jr., (hereinafter "Lewis") appeals the judgment of the Lawrence County Court of Common Pleas, which found him guilty of Driving While Under the Influence of Alcohol or Drugs with a penalty enhancement. On appeal, Lewis raises three arguments as to why the trial court erred in admitting evidence related to his prior DUI convictions. First, Lewis argues that the state failed to lay a proper foundation for the prior-conviction-related evidence. Because the state's evidence consists of self-authenticating documents, we disagree. Second, Lewis argues that the state failed to introduce certified judgment entries of conviction. Because a certified judgment entry of conviction is not the only method for establishing a prior conviction, we disagree. And finally, Lewis claims that he did not validly waive counsel during a

DUI case in Kentucky.  For that reason, Lewis argues that evidence from the Kentucky conviction was inadmissible.  Because Lewis did not make a prima facie showing that the Kentucky conviction was unconstitutional, we disagree.  Accordingly, we find that the trial court did not abuse its discretion in admitting the prior-conviction-related evidence, and we affirm the judgment of the trial court.

I.

{¶2}     A Lawrence County Grand Jury indicted Lewis for Driving While Under the Influence of Alcohol or Drugs, a violation of R.C. 4511.19(A)(1).  The indictment further alleged that Lewis had "three (3) prior convictions of Driving Under the Influence of Alcohol or Drugs in the last six (6) years[.]"  As a result, Lewis was charged with a fourth-degree felony under R.C. 4511.19(G)(1)(d).

{¶3}     The state alleged the following prior DUI convictions: (1) a conviction in Lawrence County, Ohio, on May 10, 2007; (2) a conviction in Lawrence County, Ohio, on May 25, 2006; and (3) a conviction in Boyd County, Kentucky, on November 16, 2005.  To prove the two Ohio convictions, the state introduced "TRAFFIC CASE INFORMATION HARDCOP[IES]" from case numbers TRC0700009A and TRC0601364A.  And to prove the Kentucky conviction, the state introduced several documents from case number 05-T-04970.

{¶4}     Lewis filed a motion to dismiss, claiming that he did not validly waive the right to counsel in the Kentucky case.  To support this claim, Lewis filed an affidavit wherein he "state[d] that his prior OVI/DUI conviction in Boyd Count[y] Circuit Court (Kentucky) on or about November 16, 2005, was uncounseled and the Defendant did not validly waive counsel at said hearing., [sic] RESULTING IN CONFINEMENT."  As a result,

Lewis argued that the Kentucky conviction could not "be used for purposes of penalty enhancement in later convictions under [R.C.] 4511.19." Motion to Dismiss. The trial court withheld ruling on Lewis's motion to dismiss and let the case proceed to a jury trial.

{¶5}      At the end of the state's case in chief, Lewis objected to the state's prior-conviction-related evidence. The trial court, however, overruled Lewis's objections and admitted all of the prior-conviction-related evidence, including evidence from the Kentucky case.

{¶6}      Eventually, the jury found Lewis guilty of Driving While Under the Influence of Alcohol or Drugs with a fourth-degree felony penalty enhancement, and the trial court sentenced Lewis accordingly. (The jury also found Lewis guilty of Intimidation under R.C. 2921.03, but Lewis's appeal relates only to Driving While Under the Influence of Alcohol or Drugs.)

{¶7}      Lewis appeals and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ADMITTING EVIDENCE OF HIS PRIOR CONVICTIONS IN VIOLATION OF STATUTORY REQUIREMENTS AND WITHOUT PROPER FOUNDATION." II. "THE TRIAL COURT ERRED IN ADMITTING PURPORTED EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS THAT WERE NOT CERTIFIED COPIES OF JUDGMENTS." And, III. "THE TRIAL COURT ERRED IN ADMITTING THE BOYD COUNTY, KENTUCKY CONVICTION WHEN THE CONVICTION WAS UNCOUNSELED AND WITHOUT A VALID WAIVER OF COUNSEL."

II.

{¶8}      Under all of his assignments of error, Lewis argues that the trial court erred in admitting evidence related to his prior convictions.  Therefore, we will (1) address Lewis's three assignments of error together and (2) begin with a brief overview of Lewis's argument on appeal.

{¶9}      Lewis was found guilty of Driving While Under the Influence of Alcohol or Drugs under R.C. 4511.19(A)(1).  In addition, the jury found that Lewis "was previously convicted of three (3) [Driving-While-Under-the-Influence-of-Alcohol-or-Drugs offenses] within the last six (6) years before this offense occurred on or about February 22, 2010." Jury Verdict Form.  As a result, Lewis was convicted of a fourth-degree felony.  See R.C. 4511.19(G)(1)(d).  On appeal, Lewis argues that he would not have been convicted of a fourth-degree felony if the trial court had properly excluded the evidence of his prior convictions.

A.

{¶10}      Each of Lewis's assignments of error relate to the trial court's admission of evidence.  Therefore, we will apply the same standard of review to all three of Lewis's assignments of error.  That is, "'[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court[,]' and we may not reverse unless there has been an abuse of that discretion." *State v. Boyd*, Athens App. No. 09CA14, 2010-Ohio-1605, at ¶27, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, at paragraph two of the syllabus.  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v. Adams* (1980), 62 Ohio St.2d 151, 157.  "In applying the abuse of discretion standard,

we are not free to substitute our judgment for that of the trial court." *State v. Burkhart*, Washington App. No. 08CA22, 2009-Ohio-1847, at ¶19 (citations omitted).

B.

**{¶11}** In his first assignment of error, Lewis contends that the trial court admitted evidence of his prior convictions even though the state failed to lay a proper foundation for admission. Here, Lewis relies on R.C. 2945.75(B)(1), which provides: "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." In the proceedings below, the state did not produce certified copies of the entries of judgment. And based on his interpretation of R.C. 2945.75(B)(1), Lewis argues that "some extrinsic evidence [was therefore] needed to create a foundation for admission of" the state's prior-conviction-related evidence. Brief of Defendant-Appellant Donald R. Lewis, Jr. at 5.

**{¶12}** The state, however, argues that its prior-conviction-related evidence is self-authenticating under Evid.R. 902(4), which provides: "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to * * * [a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio." Evid.R. 902(4). Additionally, paragraph one

of Evid.R. 902 relates to documents that "bear[] a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, * * * or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution."

{¶13}     Here, we agree with the state's argument that the prior-conviction-related evidence complies with Evid.R. 902(4).  To prove the prior Ohio convictions, the state introduced two "TRAFFIC CASE INFORMATION HARDCOPY" documents.  These documents contain the entire histories for Lewis's two Ohio convictions, including (1) Lewis's personal information, (2) the dates of each violation, and (3) the dates of each conviction.  Most importantly, both documents contain a raised seal and the following certification: "I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL NOW ON FILE IN MY OFFICE."  Finally, a deputy clerk of the Lawrence County Municipal Court attested to the certification in each document.

{¶14}     The Kentucky documents also comply with Evid.R. 902(4).  For the Kentucky conviction, the state produced several documents from case number 05-T-04970.  The very first document contains a raised seal and the following certification: "I, Linda Kay Baker, Clerk of the Boyd Circuit/District Courts, do hereby certify the following as a true and correct copy(s) of the Case 05t4970DUI as recorded in my office[.]"  And again, a deputy clerk attested to this certification.

{¶15}     Accordingly, we find that the state's prior-conviction-related evidence consists of self-authenticating documents.  And as a result, the prior-conviction-related evidence was admissible.

C.

**{¶16}** In his second assignment of error, Lewis once again relies on R.C. 2945.75(B)(1). But here, Lewis construes R.C. 2945.75(B)(1) to mean that the admissibility of prior-conviction-related evidence "is dependent on [the evidence] being a certified copy of the court's judgment." Brief of Defendant-Appellant Donald R. Lewis, Jr. at 6. And because the state did not produce certified judgment entries of conviction, Lewis argues that the prior-conviction-related documents "were not admissible and the court erred in admitting them." Brief of Defendant-Appellant Donald R. Lewis, Jr. at 6. Essentially, Lewis argues that R.C. 2945.75(B)(1) limits the type of evidence that may be admitted to prove a prior conviction.

**{¶17}** Although Lewis has framed his second assignment of error as an evidentiary issue, Lewis's argument requires us to interpret R.C. 2945.75(B)(1). "When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination." *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506. And here, we disagree with Lewis's interpretation of R.C. 2945.75(B)(1). In other words, we find that R.C. 2945.75(B)(1) does not bar the admission of the state's prior-conviction-related evidence. "Ohio courts have held * * * that a certified copy of the prior judgment entry of conviction and sentencing is not the only method of establishing a prior 'conviction.'" *State v. Hill*, Fulton App. Nos. F-06-013 & F-06-014, 2007-Ohio-2832, at ¶10, citing *State v. Pisarkiewicz*, Medina App. No. C.A. 2996-M, 2000-Ohio-6609 ("'R.C. 2945.75 sanctions merely one means of proving a prior conviction but not the only [means].'"), quoting *State v. Frambach* (1992), 81 Ohio App.3d 834, 843 (alteration sic); *State v. Jarvis*, Portage App. No. 98-P-0081 (holding

that "that a certified copy of a judgment entry of a prior conviction offered pursuant to R.C. 2945.75 is not the exclusive method of proving a prior conviction"); *State v. Chaney* (1998), 128 Ohio App.3d 100, 105 ("R.C. 2945.75 sets forth one way, but not the exclusive way, of proving prior convictions."). We agree with this non-limiting interpretation of R.C. 2945.75(B)(1).

**{¶18}** Finally, although Lewis did not cite this case under his second assignment of error, we must mention the Supreme Court of Ohio's opinion in *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314. Like the present case, *Thompson* involved a penalty enhancement under R.C. 4511.19(G)(1)(d). And in *Thompson,* the court stated the following: "In this case, the state sought to enhance the violation, pursuant to R.C. 4511.19(G)(1)(d). To do so, the state *had to prove the prior conviction with* 'a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar.' R.C. 2945.75(B)(1)." *Thompson* at ¶7 (emphasis added). Standing alone, this language seems to support Lewis's interpretation of R.C. 2945.75(B)(1). We, however, find this language to be non-binding dicta.

**{¶19}** Courts have defined dicta as "statements made by a court in an opinion that are not necessary for the resolution of the issues." *Gissiner v. Cincinnati*, Hamilton App. No. C-070536, 2008-Ohio-3161, at ¶15 (citations omitted). And "where a case is decided on one issue, and dicta pertaining to a separate and distinct issue might be found in the rationale of the case, the [Supreme Court of Ohio] has not decided the matter on the basis of the issue mentioned in dicta." *Snellman v. Levine*, Cuyahoga

App. No. 95148, 2010-Ohio-5616, at ¶10, citing *Westhoven v. Snyder* (1973), 40 Ohio App.2d 91, 94.

**{¶20}** Here, the Supreme Court of Ohio did not decide *Thompson* based on an interpretation of R.C. 2945.75(B)(1). Rather, the holding in *Thompson* relates to the evidentiary requirements for "prior convictions [that] were unconstitutional because the defendant had not been represented by counsel[.]" *Thompson* at syllabus. Therefore, we are not bound by the dicta in *Thompson*, and we hold that certified copies of prior judgment entries are not the only method for establishing prior convictions.

**{¶21}** Accordingly, we find that R.C. 2945.75(B)(1) does not prohibit the admission of the state's prior-conviction-related evidence.

D.

**{¶22}** In his third assignment of error, Lewis claims that he did not validly waive counsel in the Kentucky DUI case. For that reason, Lewis contends that the trial court should have excluded the evidence related to the Kentucky conviction.

**{¶23}** Although Lewis has framed his third assignment of error as an evidentiary issue, Lewis's argument requires us to resolve constitutional issues. "To the extent that purported errors raise constitutional issues, we review them *de novo*." *State v. Craig*, Gallia App. No. 01CA8, 2002-Ohio-1433, at ¶33, citing *State v. Johnston* (1988), 39 Ohio St.3d 48, 60-61.

**{¶24}** "Under the Sixth Amendment to the United States Constitution, a defendant has a right to counsel in prosecutions where a sentence of imprisonment could be imposed. *Argersinger v. Hamlin* (1972), 407 U.S. 25[.] A conviction is unconstitutional when it results in a sentence of incarceration on a defendant who was unrepresented

and did not validly waive his right to an attorney. [*Thompson* at ¶5-6]. The unconstitutional conviction cannot be used to enhance the penalty for a subsequent conviction. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶12." *State v. Caudill*, Franklin App. No. 10AP-90, 2010-Ohio-5965, at ¶8.

{¶25}     "With respect to 'uncounseled' pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary." *Thompson* at ¶6. For that reason, "the state does not have the burden of proving that [a defendant] had been represented or that he had validly waived representation unless [the defendant] makes a prima facie showing that he had been 'uncounseled' in his prior convictions[.]" Id. at ¶7. "[A]fter the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." Id. at syllabus. Significantly, "[a] bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an 'uncounseled' plea." Id. at ¶7.

{¶26}     In his motion to dismiss, Lewis argued that the "conviction in Boyd County, Kentucky, which is alleged to be one of the prior three convictions, was unconstitutional as the Defendant was not represented by counsel, had not validly waived the right to counsel and said conviction resulted in confinement." To make a prima facie showing, Lewis submitted an affidavit wherein he testified that "his prior OVI/DUI conviction in Boyd Count[y] Circuit Court (Kentucky) on or about November 16, 2005, was

uncounseled and the Defendant did not validly waive counsel at said hearing." Lewis submitted *no other evidence* in support of his argument.

**{¶27}** Here, we find that Lewis failed to present a prima facie showing that the Kentucky conviction was unconstitutional. We recognize that a defendant may make a prima facie showing through affidavit testimony. See *Thompson* at ¶¶3, 7; *State v. Biazzo*, Cuyahoga App. No. 93792, 2010-Ohio-4485, at ¶16. Nevertheless, we find that Lewis's affidavit represents a mere "bald allegation of constitutional infirmity[.]" *Thompson* at ¶7. Lewis's affidavit contains no specifics as to what happened during the Kentucky case. Instead, Lewis merely offered his own conclusory legal opinion – that he "did not validly waive counsel[.]" Whether Lewis "validly" waived counsel is a legal question, and a lay witness "cannot proffer a legal conclusion." *Associated Estates Realty Corp. v. Samsa*, Cuyahoga App. No. 84297, 2004-Ohio-6635, at ¶ 20. See, also, *Woods v. Capital Univ.*, Franklin App. No. 09AP-166, 2009-Ohio-5672, at ¶71 ("Questions of law are outside of the realm of firsthand knowledge, and thus, a lay witness may not offer legal conclusions."). Therefore, because Lewis did not present any evidence beyond his own legal conclusion, we find that Lewis failed to make a prima facie showing that the Kentucky conviction was unconstitutional.

E.

**{¶28}** Because we disagree with the arguments under Lewis's three assignments of error, we find that the trial court did not abuse its discretion in admitting the state's prior-conviction-related evidence. Accordingly, we overrule all of Lewis's assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, P.J., concurring in part and dissenting in part:

**{¶29}** I concur in judgment and opinion on the first and second assignments of error but dissent concerning the third. The majority conclude that Lewis failed to make a prima facie showing of constitutional infirmity concerning the prior Kentucky conviction. They characterize Lewis' attack as mere "bald allegation." However, Lewis did more than allege or simply argue that his prior Kentucky conviction was uncounselled, that he did not validly waive that right to counsel, and it resulted in confinement. He introduced evidence of those facts, i.e., his affidavit.

**{¶30}** In *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, cited by both the majority and *Thompson*, supra, the Supreme Court of Ohio advised "Brooke provided an affidavit that she was unrepresented by counsel and sentenced to confinement, which is sufficient to raise the issue of whether her waiver was valid." *Brooke*, at ¶12. And in *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, the Supreme Court of Ohio noted:

> Indeed, appellee's burden in this regard was hardly difficult. Had appellee's counsel simply asked appellee during testimony whether his prior convictions were counseled a negative response would have established a prima facie showing of constitutional infirmity. This one question and answer would have then placed on the State the burden of proving appellee's prior convictions were counseled.

**{¶31** Thus, when read together, *Thompson*, *Brooke*, and *Brandon* indicate that mere allegations or unsupported arguments do not create the necessary prima facie showing; but the introduction of evidence through testimony or an affidavit that need only contend the defendant was uncounselled, did not validly waive counsel, and the conviction resulted in confinement satisfies the defendant's burden. Lewis' affidavit asserts all three elements of the prima facie

case.  To the extent that the majority finds the affidavit insufficient because it "contains no specifics as to what happened," that burden rests with the State according to *Brooke* and *Brandon*.

**{¶32}**     Therefore, I cannot agree with the majority that Lewis failed to make a prima facie showing of constitutional infirmity.  And because the State failed to produce evidence to rebut Lewis' claim, I conclude the trial court erred in admitting the evidence of the Kentucky conviction.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
Harsha, P.J.:  Concurs in Part and Dissents in Part with Opinion.

For the Court

BY:_____
      Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**