[Cite as *State v. Burns*, 2012-Ohio-3100.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2011CA0070 |
| vs. | : | T.C. CASE NO. 11CR0117 |
| WILLIAM R. BURNS, JR. | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 6th day of July, 2012.

· · · · · · · · ·

Stephen K. Haller, Pros, Attorney; Elizabeth A. Ellis, Asst. Pros. Attorney, Atty. Reg. No. 0074332, 61 Greene Street, Xenia, OH 45385
        Attorneys for Plaintiff-Appellee

Ralph C. Buss, Atty. Reg. No. 0011571; Jerri Mitchell-Tharp, Atty. Reg. No. 0079565, 168 E. High Street, Painesville, OH 44077        Attorneys for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant William Burns appeals from his conviction and sentence for falsification to obtain a concealed handgun license, R.C. 2921.13(A)(14), a felony of the fourth degree.

{¶ 2} In February 2011, Defendant presented an application for a concealed handgun

license to the Greene County Sheriff's Department. Question number 9 on the application asked, "Have you ever been convicted of, or pleaded guilty to, a misdemeanor offense of violence, charge of domestic violence, or a similar offense in this or any other state?" Defendant responded, "No."

{¶ 3}   Upon receipt of the application, Julie Devoe performed a background check on Defendant. Although Defendant's BCI record did not reflect a prior conviction, other records indicated that Defendant had pled guilty to domestic violence in Montgomery County in 1995. Devoe requested and received several documents from the Montgomery County Clerk of Courts regarding that conviction. The documents bore the same name, date of birth, and social security number that Defendant had written on his application for the concealed handgun license. Devoe sent a denial letter to Defendant and then forwarded the application and court records to the detective section.

{¶ 4}   The case was assigned to Detective Metz for investigation. When Detective Metz spoke with Defendant, Defendant stated that he did not believe that he had a conviction, and would provide paperwork to that effect. Detective Metz never received any documents or other information from Defendant.

{¶ 5}   Defendant was indicted on one count of falsification to obtain a concealed handgun license, R.C. 2921.12(A)(14). The case proceeded to a jury trial. At the conclusion of the trial, Defendant made a motion for acquittal pursuant to Crim.R. 29. The trial court overruled the motion. The jury found Defendant guilty of the charge and the trial court sentenced him to community control.

{¶ 6}   Defendant appeals, raising the following assignment of error:

"THE TRIAL COURT ERRED IN PARTIALLY DENYING APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE APPELLEE FAILED TO PRODUCE ANY EVIDENCE THAT APPELLANT HAD PREVIOUSLY ENTERED A GUILTY PLEA TO THE CHARGE OF DOMESTIC VIOLENCE."

{¶ 7} In *State v. Haggerty,* 2d Dist. Montgomery No. 24405, 2011-Ohio-6705, ¶ 19-21, we wrote:

> When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. *State v. Miles* (1996), 114 Ohio App.3d 738.
>
> A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61

Ohio St.3d 259:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 8} Defendant contends that his conviction is not supported by sufficient evidence because the State failed to produce a certified judgment entry as proof of his prior conviction. The State acknowledges that it offered no certified judgment entry, but insists that it was not required to have done so.

{¶ 9} The State called as a witness Assistant Chief Deputy Clerk, Pamela Dyer, of the office of Montgomery County Clerk of Courts. Dyer explained that, in 1995, the municipal court judge[1] wrote his judgment directly on the case file, and no separate signed judgments were generated. Through this witness, the State offered, and the trial court admitted into evidence, certified copies of two pages of the clerk of court's docket, which tend to prove the existence of Defendant's 1995 conviction for domestic violence.

{¶ 10} The issue now before us is whether the certified docket pages were sufficient

---

[1] **The Montgomery County Clerk of Courts maintains the docket for the County Court, now the Montgomery County Municipal Court.**

proof of a prior conviction from which the jurors could find that Defendant had lied on his application for a concealed handgun license. For the following reasons, we answer that question in the affirmative.

{¶ 11} Defendant was convicted of falsification to obtain a concealed handgun license in violation of R.C. 2921.12(A)(14), which states in relevant part: "No person shall knowingly make a false statement * * * when * * * the statement is made in an application filed with a county sheriff * * * in order to obtain or renew a license to carry a concealed handgun * * *." The false statement of which Defendant was accused of making on his application was that he had never "been convicted of, or pleaded guilty to, a misdemeanor offense of violence, charge of domestic violence, or a similar offense, in this or any other state."

{¶ 12} Clearly, Defendant's prior conviction is not an element of the offense with which he was charged. However, under the facts of this case, the existence of a prior conviction is relevant to the issue of fact of whether Defendant made a false statement.

{¶ 13} Defendant has not cited, nor have we found, any statute, rule, or case law that supports Defendant's contention that in order to prove that he made a false statement in violation of R.C. 2921.13(A)(14), the State was required to provide a certified copy of the judgment of his prior conviction. On the other hand, we have found an abundance of guidance from different situations in which a defendant's prior conviction is an element required to be proven beyond a reasonable doubt by the State.

{¶ 14} R.C. 2945.75(B)(1) states: "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together

with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Ohio courts have held that R.C. 2945.75(B)(1) provides one, non-exclusive method of establishing a prior conviction. *State v. Lewis,* 4th Dist. Lawrence No. 10CA24, 2011-Ohio-911, ¶ 17, citations omitted. *Accord State v. Volpe,* 10th Dist. Franklin No. 06AP-1153, 2008-Ohio-1678, ¶ 51. Other means of proving prior convictions remain available to the State.

{¶ 15} For example, the existence of a prior conviction may be introduced through the testimony of one who has knowledge of the prior conviction and can identify the offender as involved in both cases, such as a probation officer. *State v. Hill,* 6th Dist. Fulton Nos. F-06-013, F-06,-014, 2007-Ohio-2832, ¶ 10, citing *State v. Jarvis,* 11th Dist. Portage No. 98-P-0081, 1999 WL 1313645 (Dec. 23, 1999).

{¶ 16} More relevant to this case, a prior conviction also may be established with certified copies of the trial court docket. *Id.,* citing *State v. Chaney,* 128 Ohio App.3d 100, 105, 713 N.E.2d 1118 (12th Dist.1998). *Accord, Volpe,* at ¶ 53 (certified data compilations of trial court dockets sufficient to prove defendant's prior convictions). If certified trial court docket pages are sufficient to prove a prior conviction in a case where the existence of the conviction is an element to be proven beyond a reasonable doubt, we see no reason why the same evidence should not be sufficient when the State must prove the Defendant lied about not having a prior conviction.

{¶ 17} Finally, Defendant argues that the State failed to prove that his conviction was constitutionally valid. However, R.C. 2945.75(B)(3) states that "[i]f the defendant claims a constitutional defect in any prior conviction, the defendant has the burden of proving the

defect by a preponderance of the evidence."   Defendant has failed to do so.

{¶ 18} Defendant's assignment of error is overruled.   The judgment of the trial court will be affirmed.

FAIN, J., And CUNNINGHAM, J., concur.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Elizabeth A. Ellis, Esq.**
**Ralph C. Buss, Esq.**
**Jerri Mitchell-Tharp, Esq.**
**Hon. Stephen Wolaver**