DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court pursuant to a state appeal from the April 27, 2006 judgment of the Fulton County Court of Common Pleas, wherein the court granted appellee Jeffrey L. Finney's motion to dismiss the R.C. 4511.19(G)(1)(d) specifications in his indictment for driving under the influence of alcohol.
 {¶ 2} The following facts are relevant to this appeal. On October 20, 2005, appellee, Jeffrey L. Finney, was indicted on four felony violations of R.C. 4511.19, for an accident which occurred on September 23, 2005, and involved another vehicle. Counts 1 and 2 alleged that appellee was driving while under the influence of alcohol and had a prior felony DUI conviction and had five or more DUI convictions in the past 20 years. Counts 3 and 4 concerned appellee's refusal to submit to a chemical test or tests under R.C. 4511.191.
 {¶ 3} On October 28, 2005, appellee entered a plea of not guilty to the charges. On March 16, 2006, appellee filed a motion to bifurcate proof of the underlying offenses and proof of the prior convictions. Appellee also filed a motion in limine seeking to exclude evidence of four of his five prior convictions arguing that they were either uncounseled or that "adequate records were not maintained as required by Ohio law."
 {¶ 4} On March 20, 2006, on the morning of the scheduled jury trial, the parties argued both motions to the trial court. The court denied appellee's motion to bifurcate; as to the motion in limine, the court set a briefing schedule and set a hearing date. The trial was continued.
 {¶ 5} On March 29, 2006, appellee filed a motion to dismiss Counts 2 and 4 of the indictment or, alternatively, a motion to suppress the evidence of three prior DUI convictions. The basis of appellee's argument was that the convictions had not been properly journalized as required under Crim.R. 32(C). The state countered that in the absence of a "constitutional infirmity," a court must presume that underlying proceedings were conducted according to the rules of law.
 {¶ 6} On April 10, 2006, a hearing was held on the motion, testimony was presented that: as to the October 6, 1987 conviction, no record exists that the offense was journalized, there was no evidence that there was a plea entered, and there was no finding of guilt; regarding the April 10, 1989 conviction, there was no evidence that it was ever journalized; as to the February 18, 1997 conviction, there was no evidence of journalization. Following the April 10, 2006 hearing, the trial court granted appellee's motion to dismiss. This appeal followed.
 {¶ 7} On appeal, the state raises the following assignment of error:
 {¶ 8} "The trial court erred in granting appellee's motion in limine because appellee failed to establish a prima facie case of constitutional infirmity."
 {¶ 9} While the state phrases its sole assignment of error as trial court error in granting appellee's motion in limine, the trial court, in its April 27, 2006 judgment entry, granted appellee's motion to dismiss Counts 2 and 4 in the indictment. The state may appeal as a matter of right any decision dismissing all or part of an indictment. R.C. 2945.67(A).
 {¶ 10} Turning to the merits of the appeal, R.C.4511.19(G)(1)(d) provides, in relevant part, "an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony in the fourth degree."[1]
 {¶ 11} The parties do not dispute that where a prior conviction enhances the degree of an offense, it is an essential element of that offense which the state must prove beyond a reasonable doubt. State v. Nievas (1997), 121 Ohio App.3d 451,455, citing State v. Allen (1987), 29 Ohio St.3d 53, 54. However, the parties disagree regarding the type of evidence that is required to prove a prior conviction. The state argues that absent a constitutional infirmity, a technical error does not invalidate the prior proceeding. Appellee asserts that deficiencies in journalization are "elemental" and not merely technical and that, pursuant to Crim.R. 32(C), the alleged prior judgments of conviction are not effective or valid.
 {¶ 12} Crim.R. 32(C) provides:
 {¶ 13} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 14} R.C. 2945.75(B) states:
 {¶ 15} "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
 {¶ 16} As stated above, in this case the state contends that appellee failed to establish a constitutional infirmity because the only recognized instance occurs where a conviction is obtained without the assistance of counsel. However, appellee argues that, pursuant to State v. Henderson (1979),58 Ohio St.2d 171, because the alleged prior convictions are invalid, the constitutional issue is not reached. In Henderson, the Supreme Court of Ohio held that: "To constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim.R. 32(B), for the prior offense." Id. at paragraph two of the syllabus. See State v. Thomas (Sept. 30, 1992), 6th Dist. No. S-91-32, following Henderson.
 {¶ 17} For additional support, the state relies on the case captioned State v. Ervin (Feb. 4, 2000), 2d Dist. No. 99 CA 44, wherein, the defendant argued in a DUI case that the prior judgment entries failed to comply with Crim.R. 32(C) and, thus, could not be used to increase his sentence. The court disagreed finding that the evidence submitted was sufficient because the state did not have to prove the convictions by Crim.R. 32(C) standards. However, Ervin is distinguishable because the prior convictions were used to enhance the sentence, not the degree of the offense; thus, the state did not have the burden of proof as to the convictions. Id.
 {¶ 18} Upon review of the relevant case and statutory law and the record before us, we conclude that the trial court did not err in dismissing the counts in the indictment regarding prior convictions under R.C. 4511.19(G)(1)(d). As an element of the offense, the state was required to prove the prior convictions by providing a judgment of conviction executed in conformity with Crim.R. 32(C).[2] Accordingly, the state's assignment of error is not well-taken.
 {¶ 19} On consideration whereof, we find that appellant was not prejudiced from having a fair proceeding and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Parish, J. concur.
[1] This provision, effective in 2004, added a 20 year look-back period for fifth-time offenders. Prior to the enactment of 2004 H.B. 163, the look-back period was six years.
[2] We must note that, at least as to the 1987 and 1989 convictions, the evidence demonstrates that the records in those cases were destroyed in accordance with the Ohio Rules of Superintendence in effect at that time. The current Rule 26.05(G)(2), effective in 2004, requires that records in DUI cases be retained for 50 years. Unfortunately, the legislature failed to provide for cases which predate the amended rule. Generally, absent a court record, a court is to presume the regularity of the prior proceedings. However, where a prior court action forms an element of a subsequent offense, a presumption will not suffice.