DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from two July 6, 2006 judgments of the Fulton County Court of Common Pleas, which granted the motions to suppress filed by appellees, Joseph Hill and William Whitten, and prohibited the prosecution from introducing into evidence appellees' prior judgments of convictions that were either not properly journalized or did not contain a finding of guilt. Appellant, the state of Ohio, appeals from these judgments *Page 2 
pursuant to Crim.R. 12(K) and R.C. 2945.67. Upon consideration of the assignment of error, we affirm in part and reverse in part the decision of the lower court. Appellant, the state of Ohio, asserts the following single assignment of error on appeal:
 {¶ 2} "DID APPELLEES ESTABLISH PRIMA FACIE CASES OF CONSTITUTIONAL INFIRMITY IN ORDER TO COLLATERALLY ATTACK THE USE OF PRIOR OMVI CONVICTIONS TO ENHANCE THE DEGREE OF THE CHARGED OFFENSES?"
 {¶ 3} On November 16, 2004, appellee Hill was charged with two felony DWI violations (involving R.C. 4511.19(A)(1) (a) and (A)(2)), with a specification that he had been convicted of or pleaded guilty to three or four violations of R.C. 4511.19(A) or (B) within six years of the current charge. One of the prior violations was alleged to be a violation "on February 22, 2000 in the Fulton County Court, Western District, in Case No. 00TRC00447." Appellee Hill moved to dismiss the indictments against him or prohibit the prosecution from using this prior conviction against him because the Fulton County Court judgment does not indicate on its face that it was journalized.
 {¶ 4} On January 19, 2006, appellee Whitten was charged with four felony DWI violations (involving R.C. 4511.19(A)(1) (a), (A)(1)(d), and (A)(2)), with a specification that he had been convicted of or pleaded guilty to five or more violations of R.C. 4511.19(A) or (B) within 20 years of the current charge. One of these five prior convictions was alleged to be a violation "on June 24, 1998, in the Fulton County Court, Eastern District, in Case No. 98TRC1834." Three of these prior five convictions were *Page 3 
alleged to be violations "on January 30, 1992, in the Sylvania Municipal Court, Lucas County, Ohio," in case Nos. "91TRC4874B," "91TRC5461B," and "91TRC6505B."
 {¶ 5} Appellee Whitten filed a motion to dismiss all of the indictments against him or prohibit the prosecution from using these prior convictions against him because the Fulton County Court judgment does not indicate on its face that it was journalized and the Sylvania Municipal Court judgments do not indicate that they were journalized and do not indicate a finding of guilt. The notations on the journal indicate that Whitten entered a plea of no contest. However, there is no indication on the journal that the court found Whitten guilty.
 {¶ 6} Based on our ruling in State v. Finney, 6th Dist. No. F-06-009,2006-Ohio-5770, the Fulton County Court of Common Pleas held that the prior convictions in both cases must be suppressed.
 {¶ 7} The state argues that prior convictions may only be invalidated by a constitutional infirmity and that the only infirmity recognized by the Ohio or United States Supreme Courts is a conviction obtained in violation of the defendant's right to counsel. Appellees, however, argue that the issue is not collateral attack, but the sufficiency of the evidence. They contend that the issue is whether the state has met its burden of proof as to the prior convictions, which are essential elements of its case. We agree with appellees that the issue is whether these judgments are sufficient evidence to establish the prior convictions. *Page 4 
 {¶ 8} The 2004 amendments to R.C. 4511.19 added provisions for repeat offenders. R.C. 4511.19(A)(2) added an offense for driving while under the influence if within the prior 20 years the offender "previously has been convicted of or pleaded guilty to" a prior violation of R.C.4511.19 and after arrest, refuses to take a chemical test despite having been advised by the officer of the consequences of refusing to take the test. If the offender was "previously convicted of or pleaded guilty to one violation," the current offense is a misdemeanor of the first degree. However, as the number of prior offenses increases within a certain time period, the degree of the crime increases as well. R.C.4511.19(G)(1)(c) and (d).
 {¶ 9} When a prior offense increases the degree of the offense, the prosecution must establish the prior conviction beyond a reasonable doubt. State v. Allen (1987), 29 Ohio St.3d 53, 53-54 (interpreting former R.C. 4511.19 and 4511.99), andState v. Henderson (1979),58 Ohio St.2d 171, 173. R.C. 2945.75(B) provides that the state can meet this burden by admitting into evidence "a certified copy of the entry of judgment in such prior conviction" and evidence that the defendants in the prior and present case are the same individual.
 {¶ 10} Ohio courts have held, however, that a certified copy of the prior judgment entry of conviction and sentencing is not the only method of establishing a prior "conviction." State v. Pisarkiewicz (Oct. 18, 2000), 9th Dist. No. C.A. 2996-M, 2000-Ohio-6609, at 2 (statute does not limit the methods of proving prior conviction; therefore, no abuse of discretion to admit photocopies of certified documents); State v.Jarvis *Page 5 
(Dec. 23, 1999), 11th Dist. No. 98-P-0081, at 2 (the prior conviction can also be established by testimonial evidence of one who has both knowledge of the prior convictions and the ability to identify the accused as the offender involved in both offenses); State v. Chaney
(1998), 128 Ohio App.3d 100, 105 (certified copies of docket sheets establish a prior conviction when comparison of the old record to current docket sheets provided sufficient evidence of personal identifiers to support a finding that the defendant is the same person who committed the prior crime).
 {¶ 11} However, we held in State v. Finney, supra, that because a defective judgment of conviction is not effective or valid, it cannot be used to prove a prior conviction. Therefore, we held if the state seeks to prove a prior conviction by a judgment, the judgment must conform to Crim.R. 32(C). State v. Finney, 6th Dist. No. F-06-009, 2006-Ohio-5770,¶ 18, and State v. Thomas (1992), 6th Dist. No. S-91-32, at 4, voided in part on reconsideration. Crim.R. 32(C) provides that: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 12} In both cases before us, appellees argue that the prior judgment entries at issue failed to comply with Crim.R. 32(C) because they lack either an indication of journalization and/or a finding of guilt. *Page 6 
 {¶ 13} In both City of Toledo v. Vakilian (Feb. 2, 1990), 6th Dist. No. L-89-195 and William Cherry Trust v. Hofmann (1985),22 Ohio App.3d 100, this court addressed the issue of what constitutes a final appealable order. In both cases, we found that the order lacked a file stamp to evidence the date the judgment was journalized. We held that the lack of journalization prevented the order from being a final, appealable order. See, also, State v. Ginocchio (1987),38 Ohio App.3d 105. Crim.R. 32(C) requires that a judgment be given to the clerk for journalization and the judgment is not effective until it is journalized. However, there is no rule which requires the fact of journalization to be noted in another place. Our prior cases should not be read as requiring that some notation of journalization must appear on the face of the judgment entry.
 {¶ 14} The Ohio Supreme Court has also held that the entry upon a computerized docket is not the equivalent of journalization because "dockets" and "journals" are two different things. State ex rel. Whitev. Junkin (1997), 80 Ohio St.3d 335, 337. The court further identified four distinct records every court must keep: a journal, and appearance, trial, and execution dockets. Id. Even with the implementation of computerized dockets, the requirements remain the same. Journalization, therefore, only occurs when the clerk enters the information into the computerized journal record. State ex. rel. Hughes v. Celeste,67 Ohio St.3d 429, 432, 1993-Ohio-214, Douglas, J., concurring. See, also, Sup.R. 26(A) (C).
 {¶ 15} In this case, the parties stipulated that the courts involved keep their journal in a computer record and that these judgments were entered into the court's computer *Page 7 
record. Therefore, appellant need not prove that the judgments were journalized. It is irrelevant that the judgment entries do not contain a stamped notation of when they were journalized. Therefore, we find that the trial court erred by granting the motion to suppress the prior judgments of conviction in both cases on the basis that the prior judgments of conviction did not contain a time-stamp of the day they were journalized.
 {¶ 16} We now turn to the lack of findings of guilt in the three judgments of conviction used in appellee Whitten's case. We have already held in the Finney case that the fact that the judgment of conviction lacks a finding of guilt renders the judgment invalid under Crim.R. 32(C). See, also, R.C. 2937.07, which provides the defendant with a substantive right to have the court consider the explanation of the circumstances surrounding the offense and determine the defendant's guilt. Compare, City of Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150.
 {¶ 17} Therefore, the three judgments at issue in appellee Whitten's case cannot be used to prove a prior conviction. We agree with the trial court that the judgments of the Sylvania Municipal Court which lack findings of guilt may not be used to prove appellant's prior convictions.
 {¶ 18} Appellant's sole assignment of error is found well-taken in part and not well-taken in part.
 {¶ 19} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Fulton County Court of Common Pleas is affirmed in part and reversed in part. The judgment is reversed only insofar as the trial court found that the *Page 8 
judgments which lacked a journalization stamp were insufficient to prove the prior convictions. The judgment is affirmed as to the court's finding that the prior judgments which lacked a finding of guilt could not be used to prove the prior convictions. Appellant and appellee are ordered to equally share the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1