DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas following appellant's no contest plea to one count of driving a vehicle while under the influence of alcohol. Because we conclude that the trial court did not err in denying appellant's motion to dismiss, we affirm. *Page 2 
 {¶ 2} On October 20, 2005, appellant, Jeffrey L. Finney, was indicted on four felony DUI violations related to an accident involving another vehicle, which occurred on September 23, 2005. Counts 1 and 2 alleged violations of R.C. 4511.19(A)(1)(a), and Counts 3 and 4 alleged violations of R.C. 4511.19(A)(2) two counts of DUI, in violation of R.C. 4511.19(A)(2).
 {¶ 3} Appellant moved to dismiss Counts 2 and 4, based upon improperly journalized judgment entries from past DUI convictions. The trial court granted that motion, the state appealed, and the trial court's decision was upheld by this court. See State v. Finney, 6th Dist. No. F-06-009,2006-Ohio-5770. The Supreme Court of Ohio denied the state's appeal and its motion for reconsideration, issuing its final decision on June 6, 2007. See State v. Finney, 113 Ohio St.3d 1442, 2007-Ohio-1266, and reconsideration denied, 114 Ohio St.3d 1414, 2007-Ohio-2632. Trial was ultimately scheduled for July 23 and 24, 2007. Appellant filed a motion to dismiss the remaining two counts, based upon the claim that the state's appeal implied that it could not go forward with those two counts and that appellant's speedy trial time was not tolled pending the appeal to the court of appeals and Supreme Court of Ohio for the remaining two counts.
 {¶ 4} The court denied appellant's motion to dismiss and appellant then pled "no contest" to the remaining two counts, was found guilty, and was sentenced.
 {¶ 5} Appellant now appeals from that judgment, arguing the following two assignments of error: *Page 3 
 {¶ 6} "I. The trial court erred in failing to grant appellant's motion to dismiss, pursuant to Crim. R. 12(K), when the state of Ohio did not produce any newly discovered evidence.
 {¶ 7} "II. The trial court erred in failing to grant appellant's motion to dismiss for failure of the state of Ohio to timely prosecute appellant pursuant to Ohio Revised Code § 2945.71, et seq."
 I. {¶ 8} In his first assignment of error, appellant contends that the trial court erred in denying his motion to dismiss the remaining charges based upon the state's Crim. R. 12(K) motion and appeal which affirmed the inadmissibility of judgments regarding appellant's prior DUI convictions.
 {¶ 9} When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that "(1) the appeal is not taken for the purpose of delay; (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Crim. R. 12(K). Crim. R. 12(K) further states that "[i]f an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal." *Page 4 
 {¶ 10} Here, the state certified that it could not proceed with the prosecution of Counts 2 and 4 that related to the enhanced offense, without the judgment entry evidence that was ruled inadmissible by the trial court. The missing element to enable the state to prosecute for those two counts did not, however, relate to the evidence of appellant's driving under the influence. Rather, it was related to the history of his offenses. On remand, those two counts were, in fact, dismissed.
 {¶ 11} The remaining two counts were, thus, based solely on evidence related to whether appellant was driving under the influence of alcohol at the time he was stopped and arrested. The state did not say that it could not prosecute all the charges, only those related to the enhanced offenses regarding multiple DUI convictions. Therefore, we conclude that the trial court did not err in denying appellant's motion to dismiss Counts 1 and 3.
 {¶ 12} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 13} In his second assignment of error, appellant claims that the court erred in denying his motion to dismiss Counts 1 and 3 based on Ohio's statutory speedy trial time limits.
 {¶ 14} Every person who is charged with an offense for which he may be deprived of his liberty or property is entitled to the fundamental right of a speedy trial. State v. Dunlap, 7th Dist. No. 01-CA-124, 2002-Ohio-5214, ¶ 10. The right to speedy trial "`is premised upon the reality that fundamental unfairness is likely in overlong prosecutions.'" *Page 5 State v. Anderson, 7th Dist. No. 2002-CO-30, 2003-Ohio-2557, ¶ 13, quoting Dickey v. Florida (1970), 398 U.S. 30, 54. Speedy trial statutes will be strictly construed against the state. Brecksville v. Cook
(1996), 75 Ohio St.3d 53, 57.
 {¶ 15} Pursuant to R.C. 2945.71(C)(2), the state must bring a person charged with a felony to trial within 270 days after his arrest. If the accused is held in jail in lieu of bail on the pending charge, then each day he is held in jail counts as three days. R.C. 2945.71(E) ("triple-count" provision). For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance. State v. Azbell, 112 Ohio St.3d 300, 2006-Ohio-6552, syllabus.
 {¶ 16} R.C. 2945.72 provides:
 {¶ 17} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 18} "* * *
 {¶ 19} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 20} "* * *
 {¶ 21} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; *Page 6 
 {¶ 22} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."
 {¶ 23} In this case, the charges against appellant were brought under a single indictment and one case number. Although the DUI elements in Counts 2 and 4 were the same as those in Counts 1 and 3, the state's appeal involved the records of appellant's prior DUI convictions. Appellant suggests that the trial court could have proceeded with trial, despite the pending appeal of two of the related counts. Requiring the state to proceed to trial on the remaining counts, which involved some of the same evidentiary proof, would have resulted in a inefficient "piecemeal" adjudication.
 {¶ 24} Moreover, the results of a trial on the merits of Counts 1 and 3 potentially affected appellate review of the issues on appeal. During the pendency of the appeal, the trial court was without any authority to go forward on those counts. Therefore, we conclude that appellant's speedy trial time was tolled for all counts, pending the state's appeal, pursuant to R.C. 2645.72(I), of the trial court's dismissal of two of the charges.
 {¶ 25} Our review of the record indicates the time chargeable to the parties as follows. Throughout the time pending trial, appellant was not incarcerated, but had been released on his own recognizance. A total of 91 days passed from the time the indictment was filed on October 20, 2005 until January 19, 2006, when appellant filed a motion for continuance and to vacate the January 31 to February 1, 2006 trial date, in order to obtain expert witnesses for his defense. This motion began the tolling of the statutory speedy trial time. Again in March, appellant filed motions for continuance, in limine, to *Page 7 
bifurcate, and to dismiss Counts 2 and 4. To provide time for the state to respond, the court again rescheduled the trial date, which then tolled the time until May 4, 2006. The court granted appellant's motion to dismiss Counts 2 and 4 on April 6, 2006.
 {¶ 26} On May 1, 2006, the state then appealed that decision, again tolling the speedy trial time. On November 3, 2006, this court issued its decision, affirming the dismissal of Counts 2 and 4. The trial, which had been scheduled for June 6 and 7, 2007, was vacated and rescheduled for July 23 and 24, 2007, on the court's own motion, pending the state's appeal to the Supreme Court of Ohio. The speedy trial time continued to be tolled until the Supreme Court of Ohio issued its decision on June 6, 2007, denying the state's motion to reconsider. Another 40 days, countable against the state, then passed, until July 17, 2007, when appellant filed another motion to dismiss the remaining counts. The court denied appellant's motion to dismiss on July 20, 2007, and appellant then entered a "no contest" plea to those charges, reserving his right to appeal the denial of his motion to dismiss.
 {¶ 27} By our count, only 131 days ran against appellant's speedy trial time. Therefore, appellant was tried well-within the statutory 270 day speedy trial time limit and the trial court properly denied his motion to dismiss Counts 1 and 3.
 {¶ 28} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 29} The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the *Page 8 
clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., JUDGE William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1