THE STATE OF OHIO, APPELLEE, *v*. GWEN, APPELLANT.

[Cite as *State v. Gwen,* 134 Ohio St.3d 284, 2012-Ohio-5046.]

*Criminal law—Domestic violence—Method of proving prior convictions for purposes of elevating level of offense under R.C. 2919.25(D)(4)—R.C. 2945.75(B)(1)—Judgment entry showing prior conviction is not exclusive method of proof—Judgment entry of prior conviction must comply with Crim.R. 32(C).*

(No. 2011-0632—Submitted May 8, 2012—Decided November 1, 2012.)

CERTIFIED by the Court of Appeals for Summit County,

No. 25218, 2011-Ohio-1512.

_____

SYLLABUS OF THE COURT

1. The method set forth in R.C. 2945.75(B)(1) is not the exclusive method for proving a prior conviction.

2. When, pursuant to R.C. 2945.75(B)(1), the state offers a judgment entry to prove the element of a prior domestic-violence conviction in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgment entry must comply with Crim.R. 32(C).

_____

LANZINGER, J.

{¶ 1} We accepted this case to resolve a conflict between the Ninth and Sixth Appellate Districts regarding the proper method for proving prior convictions for purposes of elevating the degree of the offense of domestic violence. *State v. Gwen,* 129 Ohio St.3d 1407, 2011-Ohio-3244, 949 N.E.2d 1003. The question certified to us is "[w]hether, for purposes of enhancing the offense level in a domestic violence case, the State is required to prove the prior

domestic violence convictions by providing a judgment of conviction executed in conformity with Crim.R. 32(C)." *State v. Gwen,* 130 Ohio St.3d 1407, 2011-Ohio-5477, 955 N.E.2d 1018. The certified question contains an ambiguity, for it may be read to ask either (1) whether the state must use only certified judgment entries to prove prior offenses or (2) whether, when certified entries are offered as proof of prior convictions, they must comply with Crim.R. 32(C). We answer both questions as follows. We hold that while R.C. 2945.75(B)(1) *permits* the state to prove a prior conviction by submitting a judgment entry of the conviction, the statute does not restrict the manner of proof to that method alone. We hold further that when the state *chooses* to prove a prior conviction by using a judgment entry, that entry must comply with Crim.R. 32(C).

{¶ 2} We also affirm the judgment of the court of appeals, including the remand for resentencing on Gwen's conviction of domestic violence as a felony of the fourth rather than the third degree. The appellate court was correct in holding that the state proved only one, not two, prior convictions, and therefore the offense may be elevated only to a fourth-degree felony. But as we will explain, we disapprove of the court of appeals' statement that a journal entry of conviction need not comply with Crim.R. 32(C). *Id.* at ¶ 35-37.

## I. Background

{¶ 3} Appellant, Jeffrey Gwen, was arrested on March 24, 2009, after his girlfriend called 9-1-1 alleging an incident of domestic violence. The state charged Gwen with one count of domestic violence, in violation of R.C. 2919.25(A), and one count of illegal possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). The domestic-violence charge was enhanced to a third-degree felony under the statute applicable to third-time offenders, R.C. 2919.25(D)(4). Gwen pled not guilty; a jury found him guilty on both counts. He was sentenced to one year of incarceration for domestic violence and 30 days for the drug offense, to be served concurrently.

2

**{¶ 4}** On appeal, Gwen challenged the two items that were admitted as evidence of prior domestic-violence convictions, arguing that they did not comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. One item, State's Exhibit 4, is a certified journal entry from the Summit County Court of Common Pleas, showing that Gwen pled guilty in 2002 to domestic violence as a minor misdemeanor in violation of R.C. 2919.25(A). This was erroneous, however, because domestic violence does not exist as a minor misdemeanor and under R.C. 2919.25(A) is a misdemeanor of the first degree. R.C. 2919.25(D)(2). Gwen was sentenced to six months, which was suspended, and placed on probation for one year.

**{¶ 5}** The second item, State's Exhibit 3, consists of a series of documents relating to a charge of domestic violence prosecuted against Gwen in the Akron Municipal Court during 2000 to 2001. It includes a docket statement, a police incident report, a criminal complaint charging Gwen with domestic violence under R.C. 2919.25(A), a temporary protection order, and a journal entry. The certified journal entry is a printed form with spaces provided for the relevant data, such as plea entered, disposition, sentence, and the like. The spaces provided for recording whether Gwen had been found guilty or not guilty are blank. The entry does show that Gwen pled not guilty and that he was sentenced to 30 days, with credit for three days served, fined $50, and ordered to pay costs on the domestic-violence charge. The 30-day sentence was apparently suspended on the condition that Gwen complete a "Time Out" program. On the left margin of the entry appears a handwritten note that says, "2/01 [illegible word] D.V—M4 Menacing."

**{¶ 6}** The court of appeals rejected Gwen's argument that State's Exhibit 4 was fatally defective because it misidentified the offense as a minor misdemeanor, finding no authority that such an error renders the evidence of conviction inadmissible. Nevertheless, the court held that even if it was error to

rely on this entry as proof of a prior conviction, that error was harmless because Gwen had testified that he had been convicted of domestic violence. *State v. Gwen,* 9th Dist. No. 25218, 2011-Ohio-1512, ¶ 39. But on State's Exhibit 3, the court found the Akron Municipal Court's disposition of that case to be unclear, and there was no other evidence that Gwen had been convicted of or previously pled guilty to domestic violence in that case.

**{¶ 7}** The Ninth District therefore affirmed Gwen's domestic-violence conviction, but as a fourth-degree rather than a third-degree felony, because the state had not presented evidence of at least two prior domestic-violence convictions. *Id.* at ¶ 28. The court also held that compliance with Crim.R. 32(C) was not a prerequisite to proving a prior offense for purposes of increasing a subsequent charge. *Id*. at ¶ 36.

**{¶ 8}** Gwen filed a motion to certify a conflict between districts, arguing that the Ninth District's opinion conflicts with the Sixth District's decision in *State v. Finney*, 6th Dist. No. F-06-009, 2006-Ohio-5770, which held that the state was required to prove a prior conviction by providing a judgment of conviction that was executed in conformity with Crim.R. 32(C). We recognized the conflict as certified.

**{¶ 9}** We revise the question into two parts. The first part, which asks whether a judgment of conviction is the exclusive method of proving a prior conviction under R.C. 2945.75(B)(1), is answered "no." The second part, which asks whether the judgment entry must comply with Crim.R. 32(C) when the state elects to use it to prove a prior conviction, is answered "yes."

II. Analysis

*A. Proving Prior Convictions of Domestic Violence—"Pleaded Guilty to" or "Convicted of"*

**{¶ 10}** The offense of domestic violence is defined by R.C. 2919.25(A), (B), and (C). A first-time offense is either a misdemeanor of the fourth degree or

4

a misdemeanor of the first degree, depending upon the section of the statute under which the defendant is charged. R.C. 2919.25(D)(2). A second offense is either a felony of the fourth degree or a second-degree misdemeanor. R.C. 2919.25(D)(3). If the offender has "pleaded guilty to or been convicted of two or more offenses of domestic violence," a subsequent domestic-violence offense is elevated to either a felony of the third degree or a first-degree misdemeanor. R.C. 2919.25(D)(4). Because the state contended that he had already been convicted twice of domestic violence, Gwen was charged with a third-degree felony.

{¶ 11} When the existence of a prior conviction affects the degree of the offense and not just the punishment available upon conviction, it is an essential element of the offense. *See State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987) (an element elevates the degree of the offense; an enhancement provision increases only the penalty). Thus, the state was required to prove that Gwen had "pleaded guilty to or been convicted of two or more offenses of domestic violence." By using the phrase "pleaded guilty to" as an alternative to "convicted of" in R.C. 2919.25(D)(4), the General Assembly has allowed the state to offer evidence of a defendant's guilty plea as proof of a prior offense of domestic violence. And no matter how the state chooses to prove this element, it must be proven beyond a reasonable doubt before the level of the offense may be increased. *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).

{¶ 12} In Gwen's case, the state's offer of State's Exhibit 3 as proof of a prior conviction is the only point requiring analysis. State's Exhibit 4 referred to "minor misdemeanor" domestic violence, which is a nonexistent offense, making the use of the exhibit improper. But Gwen admitted that he had been convicted, so Gwen's admission served as proof of the prior offense to which Exhibit 4 referred. Any reliance on the document was therefore harmless error.

*B. Proof under R.C. 2945.75(B)*

{¶ 13} The General Assembly has enacted a statute specifically addressing proof of a prior conviction. R.C. 2945.75(B) provides:

(1) Whenever in any case it is necessary to prove a prior conviction, *a certified copy of the entry of judgment in such prior conviction* together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, *is sufficient to prove such prior conviction.*

(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.

(3) If the defendant claims a constitutional defect in any prior conviction, the defendant has the burden of proving the defect by a preponderance of the evidence.

(Emphasis added.)

{¶ 14} R.C. 2945.75(B)(1) sets forth one way to provide "sufficient" proof of a prior conviction, but does not provide the *only* method to prove it. For

example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury.

**{¶ 15}** The question is whether certified entries, when offered as proof, must comply with Crim.R. 32(C) before they may prove a prior conviction.

*C. The Conflict Between the Ninth and Sixth Districts*

**{¶ 16}** The Ninth District relied on an earlier decision of its own to say that the state is not required to offer judgment entries that comply with Crim.R. 32(C). *State v. McCumbers,* 9th Dist. No. 25169, 2010-Ohio-6129. In *McCumbers,* the defendant had been convicted of operating a motor vehicle while under the influence of alcohol or drugs, an offense elevated to a felony when the defendant "previously has been convicted of or pleaded guilty to" five or more similar violations within the last 20 years. R.C. 4511.19(G)(1)(d). To prove the five previous offenses, the state offered McCumbers's previous sentencing entries, traffic citations, and BMV records into evidence. R.C. 2945.75(B)(2) specifically provides that in cases where the prior offense is one for which the registrar of motor vehicles maintains a record, a certified copy of the record is prima facie evidence of the identity of the accused and of all convictions shown on the record. The state's evidence was unrebutted. *Id.* at ¶ 4.

**{¶ 17}** On appeal, McCumbers contended that three of the entries offered to prove prior convictions were defective under Crim.R. 32(C). R.C. 2941.1413(A). The Ninth District held that the statutory reference to pleas of guilty or convictions meant that the General Assembly intended "the word 'convicted' to refer only to a determination of guilt and not a judgment of conviction." *Id.* at ¶ 13. In other words, the state would not have to offer a judgment entry of conviction to prove a prior offense. Thus, compliance with Crim.R. 32(C) was not required.

**{¶ 18}** In the case certified as being in conflict with Gwen's, the Sixth District considered whether the state had provided sufficient evidence of five

7

prior DUI offenses to raise later charges to felonies of the fourth degree under R.C. 4511.19(G)(1)(d). *State v. Finney*, 6th Dist. No. F-06-009, 2006-Ohio-5770. The statutory language under review was the same as in *McCumbers*, i.e., a DUI offense being elevated to a felony if, within 20 years of the offense, the defendant previously *has been convicted of or pleaded guilty to* five or more equivalent offenses. R.C. 2941.1413(A) and 4511.19(G)(1)(d). The Sixth District did not analyze the phrase "or pleaded guilty to" but merely held that because the prior convictions are "an element of the offense, the state was required to prove the prior convictions by providing a judgment of conviction executed in conformity with Crim.R. 32(C)." *Id.* at ¶ 18.

*D. Resolution—Proving a Prior Conviction to Raise the Level of an Offense*

{¶ 19} The state would rewrite the statute to say that if court records show that a defendant has either entered a guilty plea *or been found guilty* of a domestic-violence offense in two prior instances, he or she is subject to being charged with an increased level of domestic violence. But as noted above, R.C. 2919.25(D)(4) requires the state to prove beyond a reasonable doubt that a defendant "previously has pleaded guilty to *or been convicted of* two or more offenses of domestic violence" before being subject to a penalty for a third-degree felony. When the state chooses to prove a prior offense not through a guilty plea, but via a conviction, and the defendant does not stipulate to the fact of the conviction, the judgment entry of conviction offered must contain the four elements described in Crim.R. 32(C) and in *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. A finding of guilt is not enough.

{¶ 20} We do not agree with the Ninth District's acceptance of the argument that the word "convicted" refers only to a determination of guilt and not a judgment of conviction. In *State v. Henderson,* 58 Ohio St.2d at 178, 389 N.E.2d 494, this court held that a sentence must have been imposed before an

offender may be regarded as having a prior conviction. " '[C]onviction' includes both the guilt determination and the penalty imposition." (Emphasis deleted.) *State v. Poindexter*, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988). A judgment of conviction does not exist without a sentence. *State v. Robinson,* 187 Ohio App.3d 253, 2010-Ohio-543, 931 N.E.2d 1110, ¶ 27 (1st Dist.). And we have determined that a judgment entry of conviction must follow Crim.R. 32(C) to be appealable. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. A final, appealable judgment entry of conviction must contain (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. When the state chooses to provide a judgment of conviction pursuant to R.C. 2945.75(B)(1), the entry must comply with Crim.R. 32(C). This will be "sufficient" proof of the conviction.

{¶ 21} Gwen objects to the admission of State's Exhibits 3 and 4, arguing that the entries do not meet the requirements of Crim.R. 32(C) and *State v. Baker.* The court of appeals agreed that State's Exhibit 3 was insufficient, and we agree on that point. However, we do not agree that Exhibit 3 need not comply with Crim.R. 32(C). As to State's Exhibit 4, we also agree with the court of appeals that although the entry is not technically correct in stating the level of offense, Gwen's own admission that he had been convicted of domestic violence in the case to which that entry referred proves at least one prior offense. *Id.* at ¶ 39.

### III. Conclusion

{¶ 22} We answer the certified question, as modified, in the following way. First, the method set forth in R.C. 2945.75(B)(1) is not the exclusive method for proving a prior conviction. We agree with those appellate courts that have held that other methods may exist to prove the element beyond a reasonable doubt. *See, e.g., State v. Frambach,* 81 Ohio App.3d 834, 843, 612 N.E.2d 424

(9th Dist.1992); *State v. Chaney,* 128 Ohio App.3d 100, 105-106, 713 N.E.2d 1118 (12th Dist.1998); *In re R.B.,* 6th Dist. Nos. H-10-018 and H-10-019, 2011-Ohio-5042, ¶ 10.

{¶ 23} Secondly,  we hold that when, pursuant to R.C. 2945.75(B)(1), the state chooses to offer judgment entries to prove the element of prior domestic-violence convictions in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgments must comply with Crim.R. 32(C).  In that event, the judgment entry must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, explaining Crim.R. 32(C), and modifying *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 24} For the reasons stated, while we disapprove of part of the reasoning contained in the court of appeals' opinion, we affirm its judgment.  *See State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 18 (this court will not reverse a correct judgment merely because the reasoning is flawed).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, CUPP, and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in part and dissent in part.

_____

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 25} In this appeal, we confront two issues: one, whether R.C. 2945.75(B)(1) provides the exclusive method by which the state must prove a prior conviction for purposes of enhancing the level of a subsequent domestic-violence offense and two, whether an entry of judgment offered for that purpose

must comply with the finality requirements of Crim.R. 32(C). Although I concur in the holding of the majority that the state is not restricted to the method for proving a prior conviction set forth in R.C. 2945.75(B)(1), I respectfully dissent from the determination that an entry of judgment offered for that purpose must comply with Crim.R. 32(C).

### Enhancement of a Subsequent Offense of Domestic Violence

{¶ 26} Domestic violence is a third-degree felony if the offender "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence." R.C. 2919.25(D)(4). A prior conviction is an essential element of a crime when it enhances the level of the subsequent offense, *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987), and the state is required to prove this element beyond a reasonable doubt, *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979). Thus, to sustain a conviction for domestic violence as a third-degree felony in accordance with R.C. 2919.25(D)(4), the state assumed the burden to prove beyond a reasonable doubt that Gwen "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence."

{¶ 27} Regarding such proof, R.C. 2945.75(B)(1) provides:

> Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is *sufficient* to prove such prior conviction.

(Emphasis added.)

{¶ 28} Following this framework, the first issue is whether R.C. 2945.75(B)(1) provides the exclusive method by which the state must prove a

prior conviction for purposes of enhancing a subsequent domestic-violence offense, and its resolution requires interpretation of the statute. The goal of statutory construction is to ascertain and give effect to the intent of the legislature. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. When analyzing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9.

**{¶ 29}** R.C. 2945.75(B)(1) provides that a certified copy of an entry of judgment and identification of the defendant named in the entry constitute sufficient evidence of a prior conviction. The language of that statute is plain and its meaning is unambiguous; when the state needs to prove a prior conviction to enhance a subsequent offense, specific evidence offered to identify the defendant together with the judgment of conviction is sufficient proof. R.C. 2945.75(B)(1), however, does not contain any language suggesting that this method is the exclusive method of proof; it merely identifies evidence that is *sufficient* proof.

**{¶ 30}** Therefore, I agree with the determination that R.C. 2945.75(B)(1) provides one method by which the state *may* prove a prior conviction, but it is not the only method by which the state must do so, and, thus, I concur in this holding of the majority.

**{¶ 31}** The second issue we confront is whether an entry of judgment offered by the state as proof of a prior conviction must comply with the finality requirements of Crim.R. 32(C). Resolution requires that we construe R.C. 2919.25(D), which provides for enhancement of a subsequent domestic-violence offense if the offender "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence."

**{¶ 32}** The terms "pleaded guilty" and "convicted" are at the core of this controversy and provide the starting point for analysis, which requires that we read these terms in context and construe them according to the ordinary rules of

grammar and common usage. R.C. 1.42. The language here is plain and its meaning is unambiguous; these terms connote past action, identifying the means by which an offender possesses a prior conviction for domestic violence, and read together in context denote a determination of guilt.

{¶ 33} Further, R.C. 2919.25(D) does not mention or contain any reference to Crim.R. 32(C), and it contains no language suggesting that an entry of judgment offered by the state to prove a prior conviction must include the technical requirements for finality, which have developed in the context of appealable orders for the purpose of providing a date certain from which the time for appeal begins to run, and which share neither context nor purpose with offense enhancement. Thus, in my view, reading R.C. 2919.25(D) as requiring compliance with Crim.R. 32(C) adds an element that does not exist in the statute. As such, that reading violates the rule of construction that we give legal effect to the words of a statute, as well as the principle that an unambiguous statute may not be modified by adding or deleting words. *State v. Teamer,* 82 Ohio St.3d 490, 491, 696 N.E.2d 1049 (1998).

{¶ 34} Interpreting R.C. 2919.25(D) in this manner is inconsistent with our decision in *State ex rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259, 643 N.E.2d 521 (1994), which construed language in former R.C. 2921.41(C)(1) providing that any official who is "convicted of or pleads guilty to" theft in office is forever disqualified from holding any public office. This court concluded that the statute required only a determination of guilt, because its plain language allowed for a guilty plea to invoke disqualification. *Id*. at 260. In *Watkins*, the court further explained that in so wording the statute, "the General Assembly placed 'convicted' on equal footing with a guilty plea."

{¶ 35} The rationale of *State ex rel. Watkins v. Fiorenzo* is applicable and supports interpreting R.C. 2919.25(D) in the same manner. Here, too, the General Assembly placed "pleaded guilty to" and "convicted of" on equal footing because

either can serve as the basis for enhancing a subsequent domestic-violence offense. The context in which those terms are used in both cases is also similar, further buttressing that determination.

{¶ 36} A careful reading of *State v. Henderson*, 58 Ohio St.2d 171, 389 N.E.2d 494 (1979), discloses that it likewise lends support for this construction. There, the defendant pled guilty to receiving stolen property in violation of R.C. 2913.51. However, before the trial court imposed sentence, in a separate indictment, the state alleged that the offense to which the defendant had pled guilty was grand theft pursuant to former R.C. 2913.02(B), which enhanced the offense from a misdemeanor to a fourth-degree felony. The statutory language provided that if the offender had "previously been convicted of a theft offense, then violation of this section is grand theft, a felony of the fourth degree." 1972 Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1927. Guided by the mandate of R.C. 2901.04(A) to construe definitions of criminal offenses against the state and in favor of the accused, as well as by the fact that a prior conviction constituted an element of the crime of grand theft, this court concluded that the term "convicted" in the statute meant a final judgment of conviction. In addition, our analysis expressed agreement with "the reasoned conclusion" of the appellate court that "if the allegation of a plea of guilty is legally insufficient to charge an offense of which a prior conviction is a requisite element, then the proof of such plea is necessarily insufficient to establish this element of the charged offense." *Henderson* at 177.

{¶ 37} The syllabus paragraphs of *Henderson* appear to support a contrary result, but the differences in statutory language and purposes between that case and this make *Henderson* irrelevant. Unlike former R.C. 2913.02(B) in *Henderson*, R.C. 2919.25(D) does not limit enhancement to past convictions. It includes guilty pleas, which expresses a legislative intent to lessen the state's

14

burden of proof. Instead, the majority increases the state's burden by requiring compliance with Crim.R. 32(C).

{¶ 38} Notably, the author of the majority dissented in *State v. Whitfield*, and advanced arguments similar to those expressed in this dissent. 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 31-34 (Lanzinger, J., dissenting).

{¶ 39} In my view, the language of R.C. 2919.25(D) is plain and its meaning is unambiguous, and it contains no language suggesting that an entry of judgment must comply with Crim.R. 32(C). Thus, reading R.C. 2919.25(D) to mandate that an entry of judgment include all the elements of finality adds a requirement that is not found in the statute. Such a construction violates the duty to apply a statute as written and not to read words into a statute that the legislature did not place there. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37.

{¶ 40} Accordingly, an entry of judgment offered by the state pursuant to R.C. 2945.75(B)(1) to prove a prior conviction for purposes of enhancing a subsequent domestic-violence conviction need not comply with Crim.R. 32(C); enhancement in R.C. 2919.25(D) is premised on a determination of guilt and not on a judgment containing all the requisites of finality, which developed in an unrelated context and for a different purpose.

{¶ 41} The purpose and legislative history of R.C. 2919.25 remove any doubt as to legislative intent. First, the General Assembly's concern with the special nature and seriousness of domestic violence is reflected in its decision to allow the state more leeway in proving prior offenses. A plea of guilty is sufficient. The legislature could have limited enhancement to cases in which there is a judgment entry of conviction, but it did not do so.

{¶ 42} Further, in 2002 the 124th General Assembly in Am.Sub.H.B. No. 327 amended R.C. 2919.25(D), adding the phrase "pleaded guilty to" and placed it next to "convicted of," joined by the disjunctive "or." 149 Ohio Laws, Part IV,

7548. The Act Summary of the Final Bill Analysis sets forth the intent of the legislature:

> Under preexisting law retained by the act, generally, a violation of the third prohibition is a misdemeanor of the fourth degree, and a violation of either of the first two prohibitions is a misdemeanor of the first degree. But under former law, if the offender *previously had been convicted of* domestic violence, * * * a violation of the third prohibition was a misdemeanor of the third degree, and a violation of either of the first two prohibitions was a felony of the fifth degree. (R.C. 2919.25.)
>
> > * * *
>
> The act expands the circumstances in which former law enhanced the penalty for the offense of domestic violence. Under the act, the penalty also is enhanced when the offender *previously pleaded guilty to* any of the offenses described above in "***Formerly***." Under former law, the statutory language provided for enhancement of the penalty only when the offender previously had been convicted of any of those offenses. The act also expands the list of offenses that is relevant in determining the enhancement. Under the act, the penalty also is enhanced when the offender previously has been convicted of or pleaded guilty to a violation of a law of the United States or another state, or a municipal ordinance of a municipal corporation in another state that is substantially similar to the violations described above in "***Formerly***." (R.C. 2919.25(D).)

(Emphasis and boldface sic.)

{¶ 43} The above demonstrates that the legislature added "pleaded guilty" to expand the circumstances for enhancement, and in doing so, placed guilty pleas and convictions on an equal footing. Requiring an entry of judgment offered as proof of a prior conviction to comply with Crim.R. 32(C) narrows the circumstances for enhancement by disqualifying entries that, coupled with evidence of identification, would otherwise constitute sufficient evidence of a prior conviction.

## Conclusion

{¶ 44} The language of R.C. 2945.75(B)(1) is plain and its meaning unambiguous: when the state needs to prove a prior conviction to enhance a subsequent domestic violence offense, R.C. 2945.75(B)(1) identifies evidence that constitutes sufficient proof without restricting the state to this method of proof exclusively.

{¶ 45} I respectfully dissent from the holding of the majority requiring an entry of judgment offered as proof of a prior conviction for purposes of enhancing a subsequent domestic-violence offense to comply with Crim.R. 32(C), as such a construction imposes a new requirement not in the statute and contravenes expressed legislative intent.

{¶ 46} For these reasons, I would resolve the conflict by holding that a certified copy of an entry of judgment offered by the state pursuant to R.C. 2945.75(B)(1) to prove a prior conviction for purposes of enhancing a subsequent domestic-violence offense need not comply with Crim.R. 32(C). I would reverse that portion of the judgment of the court of appeals and remand for proceedings consistent with this opinion.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.

Neil P. Agarwal, for appellant.

_____